EASTERBROOK, Circuit Judge,
concurring in the judgment.
I agree with my colleagues that Indiana’s law is constitutionally valid. Monarch says that state law cuts down competition, injuring consumers. But so did the laws in Exxon Corp. v. Governor of Maryland, 437 U.S. 117, 98 S.Ct. 2207, 57 L.Ed.2d 91 (1978); New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); and The Slaughter-House Cases, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1873). The Supreme Court has facilitated anti-competitive legislation by creating an exception to antitrust principles when states curtail competition as part of a regulatory program. See Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), and its successors. State limits on the extent of competition thus have a long pedigree, and regulation of the liquor industry receives an additional boost from § 2 of the Twenty-First Amendment.
My colleagues say that Indiana prevails because its law has a rational basis. That’s the standard under the Equal Protection Clause for classifications that do not entail race or other suspect criteria. But like the district judge I do not see any classification. Indiana does not treat any person differently from any other. No one, directly or through a corporation or other business, can have all three alcohol wholesale licenses. That may be sensible or silly, but it does not discriminate. Beer wholesalers can get one other license type, just as wine or liquor wholesalers may, but not two others. A beer-liquor license combination is forbidden to everyone by Ind. Code § 7.1-5-9-3 and § 7.1-5-9-6.
Monarch says that this understanding of discrimination would eliminate rational-basis review of statuses (such as beer wholesaler) that people assume voluntarily, and so it would. My colleagues think this dis-positive against Indiana’s position, but I do not.
Monarch’s demand that the liquor-distribution scheme be adequately justified even though it does not treat any person differently from any other person is a substantive-due-process claim in disguise. And the Supreme Court has held that only persons whose “fundamental” rights have been abridged can maintain substantive-due-process claims. See Washington v. Glucksberg, 521 U.S. 702, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). No one would be so bold as to contend that holding three kinds of alcohol wholesale licenses simultaneously is a fundamental right. Litigants should not be allowed to evade the limits on substantive due process by characterizing substantive objections to state-law rules as equal-protection claims.
Back in 1868, when the Fourteenth Amendment was ratified, the sort of argument Monarch presents would not have been seen as either an equal-protection or a substantive-due-process theory. It would have been conceived as a request for relief under the Privileges or Immunities Clause. A bare majority of the Court in SlaughterHouse drained that clause of force, but calls to overrule Slaughter-House have not succeeded. See McDonald v. Chicago, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010). Recasting a privileges-or-immunities theory as an equal-protection theory has the benefit (for plaintiffs) of evading both Slaughter-House and Glucksberg, but it lacks a constitutional footing.
Perhaps the Supreme Court has given this portfolio to the Equal Protection Clause despite the lack of historical provenance and textual support. That’s what my colleagues think. If they are right, judges *687 of the courts of appeals must fall into line. But the Justices consistently write about the Equal Protection Clause as if it operates on discriminatory classifications. Because I don’t see any classification at all in Indiana’s scheme, I would treat Monarch’s contention as a substantive objection that fails at the threshold under SlaughterHouse and Glucksberg.